# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUMA BAND OF LUISENO MISSION INDIANS OF THE PAUMA & YUIMA RESERVATION, a/k/a/ PAUMA BAND OF MISSION INDIANS, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 16-cv-1713-BAS-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 30]** |

The State of California ("State") and California Governor Edmund G. Brown, Jr. ("Governor Brown") (together "Defendants") move to dismiss or strike the twenty-first and twenty-second causes of action in the Second Amended Complaint ("SAC") arguing: (1) the SAC exceeds the scope of the Court's order allowing amendment, and, therefore, the twenty-second claim should be stricken; (2) the twenty-second claim fails to state a claim; and (3) Plaintiff fails to cure the twenty-first claim's discovery rule defects. (ECF No. 30.) Plaintiff Pauma Band of Luiseno

Mission Indians of the Pauma and Yuima Reservation ("Pauma" or "Plaintiff") opposes. (ECF No. 32.) For the reasons stated below, the Court **DENIES** the Motion to Strike or Dismiss the twenty-second claim, but **GRANTS** the Motion to the extent it seeks to limit the claim to breaches that occurred more than four years before this action commenced.

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On March 29, 2017, this Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the twenty-first claim of Plaintiff's First Amended Complaint ("FAC") for failure to state a claim. (ECF No. 26.) The underlying facts of this action are laid out in the Background section of that Order, and the Court incorporates that section as part of this Order.

The twenty-first claim alleges a breach of the 1999 Pauma Compact through the misuse of Special Distribution Fund ("SDF") funds. Notably, the Court found that Plaintiff could pursue recovery for any of these breaches that occurred within the four-year statutory limitations period under the "continuous accrual" rule. (ECF No. 26 at 14.) However, the Court rejected Plaintiff's argument that any breaches that occurred more than four years before this action commenced should also be allowed. Although Plaintiff argued it neither knew nor had reason to know of the injury until November of 2015, the Court concluded, "Pauma has failed to show that it engaged in the kind of due diligence necessary to assert delayed discovery." (*Id.* at 13.) The Court also granted Defendants California Gaming Control Commission ("CGCC") and the State of California Department of Justice Office of the Attorney General's ("California Department of Justice") Motion to Dismiss finding there were no allegations that these Defendants breached the Compact. (*Id.* at 15-16.) The Court gave Plaintiff leave to amend the twenty-first claim "because Pauma may be able to add allegations demonstrating that the actions of the CGCC and the California

Department of Justice have in some way breached an obligation under the 1999 Pauma Compact." (*Id.* at 16.)

Plaintiff now files its Second Amended Complaint. (ECF No. 27.) Plaintiff has elected not to amend to add the CGCC or the California Department of Justice back into the twenty-first cause of action. However, Plaintiff adds allegations bolstering its claim that the doctrine of delayed discovery allows it to bring claims for breaches occurring before the four-year statute of limitations period. Plaintiff also adds a twenty-second claim for breach of the implied covenant of good faith and fair dealing against the State and Governor Brown. (*Id.*)

## II. LEGAL ANALYSIS

### A. Motion To Strike Twenty-Second Claim

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff may only amend its pleading with leave of the Court. The Court gave Plaintiff leave to amend the twenty-first claim "because Pauma may be able to add allegations demonstrating that the actions of the CGCC and the California Department to Justice have in some way breached an obligation under the 1999 Pauma Compact." (ECF No. 26 at 16.) This does not constitute leave to add additional claims.[1] Plaintiff should have moved the Court to amend under Rule 15 before adding another cause of action.

However, the Court will construe Plaintiff's Response to the Motion to Strike as a Motion to Amend under Rule 15. The decision whether to allow amendment under Rule 15 is in the court's discretion, although "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on

---

[1] The fact that the Court may have cautioned unrepresented or unsophisticated parties in the past that they were not to add additional claims just because leave to amend had been granted is of no import to this case. The Court was under the impression that the attorneys in this case were experienced lawyers not needing such a cautionary instruction.

the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation omitted). The court should freely give leave when justice so requires. "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Denial of the request to amend is only proper when it "would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers, Waterproofers & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990).

In this case, the requested amendment is made early in the litigation. It does not add additional facts that are not already laid out in the rest of the Complaint. Therefore, Defendants are not unduly prejudiced by the addition. There is no evidence that the addition was made in bad faith. And, as discussed below, the request to amend is not clearly frivolous. Therefore, the Court allows Plaintiff to amend pursuant to Rule 15, and the Motion to Strike is **DENIED**.

### B. Motion To Dismiss The Twenty-Second Claim

The newly added twenty-second claim alleges that the 1999 Compact and 2004 Amendment, which form the substance of the breach of contract claim in the twenty-first cause of action, require that the State use the SDF funds paid by gaming tribes only in a certain specified manner. Pauma claims that Defendants have "largely blocked from view" "the information concerning the administration of the SDF" and that the State does not even allow discovery under the California Public Records Act. (SAC ¶ 318.) Thus, by not disclosing how the funds were used, Pauma alleges that the State and Governor Brown breached the covenant of good faith and fair dealing.

Defendants argue that the Court should dismiss the twenty-second claim for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In particular, defendants argue somewhat contradictorily that: (1) Pauma does not adequately allege a breach of the covenant of good faith and fair dealing because

Pauma does not allege any contractual obligation requiring Defendants to disclose or specify the use of the SDF funding and (2) the claim is superfluous because the twenty-first claim alleging breach of contract already alleges that Defendants breached any contractual obligation.

Under the law applicable to this case, "all contracts contain an implied covenant of good faith and fair dealing." *San Jose Prod. Credit Ass'n v. Old Republic Life Ins. Co.*, 723 F.2d 700, 703 (9th Cir. 1984) (internal quotations omitted). "This covenant requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Id.* (internal quotations omitted).

A plaintiff who pleads both breach of contract and breach of the implied covenant of good faith and fair dealing claims "must allege an implied duty that is consistent with the express contractual terms, but base its implied covenant theory on allegations that are distinct from the factual predicate for its contract claims." *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 Civ. 9116 (PGG), 2009 U.S. Dist. LEXIS at *11 (S.D.N.Y. Feb. 9, 2009) (applying similar New York law); *Johnson v. Regents of the Univ. of Calif.*, No. C-09-04727 JCS, 2010 U.S. Dist. LEXIS 63963 at *20 (N.D. Cal. June 28, 2010) (stating that, if the allegations in the breach of implied covenant do not go beyond that alleged in the breach of contract claim, "they may be disregarded as superfluous" (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 (1991))). "While independent obligations beyond those stated in the contract will not be inferred, a plaintiff adequately states an implied covenant claim by alleging conduct that subverts the contract's purpose without violating its express terms." *JP Morgan Chase Bank*, 2009 U.S. Dist. LEXIS at *16. The issue of duplication between a breach of contract claim and a claim for breach of the covenant of good faith and fair dealing is generally resolved at the summary judgment stage. *Johnson v. Regents*, 2010 U.S. Dist. LEXIS 63963 at *21.

In Plaintiff's claim for breach of contract, Plaintiff alleges that the State has used the SDF funds improperly and that this use violates the 1999 Compact and 2004 Amendment. (SAC ¶¶ 311-315.) In the new claim for breach of the covenant of good faith and fair dealing, Plaintiff adds that the State and Governor Brown have blocked from view any information concerning the administration of the SDF, and that this information is "not even discoverable" under the California Public Records Act. (SAC ¶ 318.) According to the SAC, this prevented Pauma from receiving the benefit of its contract because it was unable to monitor how the State was using the SDF funds. These allegations sufficiently walk the line between inferring new independent obligations and duplicating what has already been alleged in the breach of contract claim. To the extent Defendants argue that they are not required to disclose this information or that these allegations are duplicative of the underlying breach of contract claim, this is better resolved at the summary judgment stage.

### C. Motion To Dismiss In Part The Twenty-First Claim

The Court already granted a motion to dismiss the FAC in part, ruling that Plaintiff could not recover for breaches that occurred more than four years before this action commenced. In the SAC, Plaintiff now attempts to allege sufficient facts to justify application of the "delayed discovery" rule.

As stated in the Court's previous Order (ECF No. 26), the statute of limitations begins to run when "the plaintiff knows or has reason to know of the injury that is the basis of the action." *N. Cal. Retail Clerks Unions & Food Emp'rs Joint Pension Tr. Fund v. Jumbo Mkts, Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990). However, "a plaintiff who did not actually know of his claim will be barred 'if he should have known [of it] in the exercise of due diligence.'" *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002) (alteration in original) (quoting *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999). Parties to a contract

are required to exercise reasonable due diligence in investigating potential breaches. *O'Connor*, 311 F.3d at 1147.

The Court previously found that Pauma failed to allege that it exercised due diligence in discovering any potential breach, particularly after it was required to enter into a Memorandum of Understanding with the State because of funding shortfalls in 2004. (ECF No. 26.) The Court pointed out that Pauma did not investigate until over ten years after this 2004 amendment. (*Id.*)

Pauma now attempts to remedy this deficiency, detailing how difficult it is to get information about the use of the SDF funds. (SAC ¶¶ 189-193.) Notably absent, however, are any allegations of actions Pauma took to attempt to get this information or actions that could constitute due diligence to learn of the breaches until more than ten years after the 2004 Amendment. For the same reasons detailed in its previous Order, the Court finds Pauma has failed to allege sufficient facts to show due diligence and, therefore, any claims outside the four year statute of limitations are barred.

## III. CONCLUSION & ORDER

For the reasons stated above, Defendants' Motion to Dismiss or Strike (ECF No. 30) is **GRANTED IN PART AND DENIED IN PART.** The Motion to Strike or Dismiss the twenty-second cause of action is **DENIED**. The Motion to Dismiss for claims in the twenty-first cause of action occurring more than four years before this action was brought is **GRANTED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**DATED: November 6, 2017**

Hon. Cynthia Bashant
United States District Judge